UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARMONI MASUD JOHNSON, : | |
|     Plaintiff : | CIVIL ACTION NO. 3:15-CV-1195 |
| : | (Judge Nealon) |
| v. : | |
| : | |
| MATTHEW KELLY, ET AL., : | |
|     Defendants : | |

# MEMORANDUM

On June 19, 2015, Plaintiff, Armoni Masud Johnson, an inmate currently confined at Luzerne County Correctional Facility, Wilkes-Barre, Pennsylvania, filed the instant action, pro se, pursuant to 42 U.S.C. § 1983. (Doc. 1). Named as defendants are: Judge Charles Brown of the Luzerne County Court of Common Pleas; Judge Joseph Augello of the Luzerne County Court of Common Pleas; Matthew Kelly, Esq.; Charles Ross, Esq. of the Luzerne County Public Defender's Office; Mark Singer, Esq. of the Luzerne County Public Defender's Office; and the Pennsylvania Superior Court. (Id.). Along with his complaint, Plaintiff filed a motion to proceed in forma pauperis. (Doc. 2). The Court has conducted a preliminary screening of Plaintiff's complaint pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B). For the reasons set forth below, Plaintiff's motion to proceed in forma pauperis will be granted for the sole purpose of filing the above-captioned action, and his claims will be dismissed, without leave to amend, as

frivolous or for seeking monetary relief against defendants who are immune from such relief.

I.     **BACKGROUND**

Plaintiff's claims arise from the alleged violations of his constitutional rights that occurred during the course of Plaintiff's four (4) criminal cases before the Court of Common Pleas of Luzerne County. (Doc. 1, pp. 7-10, 19-24, 36-39, 49-50). Plaintiff's allegations focus mainly on the alleged violations that occurred in his ongoing criminal case at Commonwealth v. Johnson, CP-40-CR-2713-2011 (Luzerne Cnty. C.P. filed Sept. 15, 2011) ("2713-2011"), which is currently on appeal at Commonwealth v. Johnson, 2119 MDA 2013 (Pa. Super. Ct. filed Dec. 2, 2013) ("2119-2013"). (Id.).

Plaintiff alleges that Defendant Matthew Kelly, Plaintiff's court-appointed counsel for his direct appeal at 2119-2013, provided ineffective assistance of counsel when he filed a no-merit brief with the Pennsylvania Superior Court and requested to withdraw his representation of Plaintiff. (Doc. 1, pp. 2, 7-9, 10, 36-37, 39). Plaintiff claims that Charles Ross, a Luzerne County Public Defender who served as Plaintiff's trial counsel in 2713-2011, provided ineffective assistance because he failed to file a direct appeal. (Doc. 1, pp. 2, 7-9, 36-39). Plaintiff also alleges that Mark Singer, a Luzerne County Public Defender who

2

served as Plaintiff's counsel in Commonwealth v. Johnson, CP-40-CR-2553-2012 (Luzerne Cnty. C.P. filed July 20, 2012) ("2553-2012"), played a "role in this conspiracy depriving citizen Plaintiff of fundamental fairness or right to effective assistance of counsel free of conflict of interests, and helping cover up hate crime of May 31, 2012 case # 2553-2012." (Doc. 1, p. 49). Plaintiff claims that Defendant Singer took part in the alleged "conspiracy" "by intentionally and knowingly assisting in parole revocation of case [Commonwealth v. Johnson, CP-40-CR-0002193-2010 (Luzerne Cnty. C.P. filed July 26, 2010) ("2193-2010")] while laboring under conflict of interest and perjury . . . ." (Id. at p. 50).

Plaintiff alleges that Judge Charles Brown and Judge Joseph Augello of the Luzerne County Court of Common Pleas violated his constitutional rights. Specifically, Plaintiff alleges that Judge Brown abused his discretion when he imposed an illegal sentence in 2713-2011. (Id. at pp. 2, 22-23). In regards to Judge Augello, Plaintiff alleges that Judge Augello committed fraud and perjury. (Id. at pp. 2, 37, 39, 50).

Plaintiff also contends that the Pennsylvania Superior Court violated his constitutional rights during his appeal at 2119 MDA 2013. (Id. at pp. 7-10, 37). Specifically, Plaintiff claims that the Pennsylvania Superior Court violated his rights because it abused its discretion when it held that his appeal involved a Post

Conviction Relief Act ("PCRA") petition. Specifically, Plaintiff alleges that:

> [h]ow can the Superior Court of Pennsylvania treat citizen plaintiff petition as a PCRA knowing that citizen plaintiff was not eligible for relief under that remedy, then allow court appointed attorney Matthew Kelly to withdraw while according to "A.P." the superior court reasoned "A.P." has no other means of redress; a nunc pro tunc appeal is the only means by which a juvenile can challenge the stewardship of his trial counsel because the [PCRA], which will be the remedy for an adult is not available for a juvenile.

(Doc. 1, pp. 9-10).

Although not named as a Defendant, Plaintiff advances a number of claims against the Luzerne County District Attorney's Office. Specifically, Plaintiff claims that he is the victim of selective prosecution and enforcement. (Id. at pp. 20-22). Plaintiff also claims that exculpatory evidence was withheld from him in Commonwealth v. Johnson, CP-40-CR-117-2011 (Luzerne Cnty. C.P. filed Sept. 22, 2010) ("117-2011") and 2553-2012. (Id. at pp. 38-39, 50). Plaintiff alleges that such exculpatory evidence "has been withheld from citizen plaintiff because such disclosures unravel fraud and perjury and subornation of perjury in which is found bars the defense of limitations." (Id.). According to Plaintiff, the exculpatory evidence from case number 2553-2012 was turned over to Plaintiff on April 12, 2015. (Id.). He alleges that this disclosure occurred "after nearly 3 years." (Id. at pp. 38-39, 50). Additionally, Plaintiff alleges that "after nearly 4

4

years," the criminal history of Brian Pillanoto, a confidential informant in case number 117-2011, was disclosed. (Doc. 1, pp. 38-39, 50). Furthermore, on December 2, 2014, Plaintiff received "proof that public defender was representing alleged victim of case #2713-2011." (Id.). According to Plaintiff, the alleged withholding of exculpatory evidence prejudiced Plaintiff and violated his right to due process and equal protection of laws. (Id.).

For relief, Plaintiff seeks damages, as well as injunctive relief. Specifically, Plaintiff requests that "case # 2193-2010 to be vacated and seeks no less than 50 thousand dollars from each defendant."[1] (Id. at p. 3). Additionally, Plaintiff requests one hundred and fifty thousand dollars ($150,000.00) "for pain and suffering from the circumstances of citizen plaintiff claims of being deprived," (Id. at p. 10); five hundred thousand dollars ($500,000.00) for "pain and suffering, false imprisonment, deprivation of liberty and pursuit of happiness, equal protection and due process," (Id. at p. 23); two hundred thousand dollars ($200,000.00) from Defendant Singer for "his role in this conspiracy depriving

---

1.  Plaintiff's challenges to the validity, or fact or length of his sentences, under section 1983 will be dismissed without prejudice. See Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002) ("whenever the challenge ultimately attacks the 'core of habeas'–the validity of the continued conviction or the fact or length of the sentence–a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition.").

citizen Plaintiff of fundamental fairness or right to effective assistance of counsel free of conflict of interests . . . .," (Doc. 1, p. 49); "effective remedies from pain and suffering caused by such manifest deprivation;" and "whatever [other] relief that this" Court deems appropriate. (Id. at p. 50).

## II.   STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(e)(2), a complaint filed in forma pauperis may be dismissed if it is determined that the action is frivolous, malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. "A complaint is frivolous if it 'lacks an arguable basis either in law or in fact.'" Murray v. Toal, 2014 U.S. Dist. LEXIS 136593, at *2 (quoting Neitzke v. Williams, 490 U.S. 319 (1989)). "Under [section 1915(e)(2)(B)(i)] and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is 'based on an indisputable meritless legal theory' or a 'clearly [baseless]' or 'fantastic or delusional' factual scenario." Id. Claims can also be dismissed as frivolous pursuant to section 1915(e)(2)(B)(i) under the doctrine of res judicata. Guider v. Mauer, 2009 U.S. Dist. LEXIS 108189, at *1-2 (M.D. Pa. 2009) (Caldwell, J.).

"In deciding whether the complaint fails to state a claim on which relief may be granted, the court employs the standard used to analyze motions to dismiss

under" Federal Rule of Civil Procedure 12(b)(6). Arndt v. Bortner, 2014 WL 5425423, at *1 (M.D. Pa. 2014) (Kosik, J.). The Third Circuit Court of Appeals has stated that a court considering a Rule 12(b)(6) motion to dismiss must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Eid v. Thompson, 740 F.3d 118, 122 (3d Cir. 2014).

"Additionally, pro se pleadings are held to a less stringent standard than formal pleadings drafted by attorneys and are to be liberally construed." Arndt, 2014 WL 5425423, at *1 (citing Erickson v. Pardus, 551 U.S. 89, 94 (2007); Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 244-45 (3d Cir. 2013)). Further, "[p]ro se litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile." Id. (citing Connelly v. Steel Valley Sch. Dist., 706 F.3d 209, 217 (3d Cir. 2013)). "However, dismissal without leave to amend is justified on the grounds of bad faith, undue delay, prejudice or futility." Id. (citing Alston v. Parker, 363 F.3d 229, 235-36 (3d Cir. 2004)). "Thus, a complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend." Id. (citing Grayson v. Mayview State

Hosp., 293 F.3d 103, 106 (3d Cir. 2002)).

## III. DISCUSSION

### A. Res Judicata

"[R]es judicata bars a second suit where 'there has been (1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action.'" Porter v. Cancelmi, 318 F. App'x 48, 49-50 (3d Cir. 2008) (quoting Lubrizol Corp. v. Exxon Corp., 929 F.2d 960, 962 (3d Cir. 1991)). "[R]es judicata 'gives dispositive effect to a prior judgment if the particular issue, albeit not litigated in the prior action, could have been raised.'" Guider, 2009 U.S. Dist. LEXIS 108189, at *4 (quoting Bradley v. Pittsburgh Bd. of Educ., 913 F.2d 1064, 1070 (3d Cir. 1990)). Res judicata "precludes the parties or their privies from relitigating issues that were or could have been raised in the prior action." Id. (citing Allen v. McCurry, 449 U.S. 90, 94 (1980)). This Court has "the authority to apply the doctrine of claim preclusion or res judicata sua sponte." Id. (citing Gleash v. Yuswak, 308 F.3d 758, 760 (7th Cir. 2002); Ezekoye v. Ocwen Fed. Bank FSB, 179 F. App'x 111, 114 (3d Cir. 2006)). However, "[w]e can only invoke res judicata 'if it is so plain from the language of the complaint and other documents in the district court's files that it renders the suit frivolous.'" Id. (quoting Gleash, 308 F.3d at 760).

Here, Plaintiff is barred from relitigating his claims against Defendants Judge Brown, Judge Augello, Ross, Kelly, Singer, and the Luzerne County District Attorney's Office under the doctrine of res judicata. First, a final judgment occurred when this Court dismissed the relevant portions of Plaintiff's complaint in Plaintiff's prior section 1983 action. See Johnson v. Koehler, 2015 U.S. Dist. LEXIS 42145, *16-21.[2] Those dismissals represent a final judgment on the merits. See Courteau v. United States, 287 F. App'x 159, 162 (3d Cir. 2008) (citing Post v. Hartford Ins. Co., 501 F.3d 154, 169 (3d Cir. 2007)). Second, Defendants Judge Brown, Judge Augello, Ross, Kelly, Singer, and the Luzerne County District Attorney's Office were parties to Plaintiff's previous section 1983 litigation. Koehler, 2015 U.S. Dist. LEXIS 42145, *16-21. Third, Plaintiff is asserting the same, or very similar, claims against Defendants Judge Brown, Judge Augello, Ross, Kelly, Singer, and the Luzerne County District Attorney's Office. See Id. Additionally, he asserts new claims that could have been presented in his prior action. See Id. Therefore, the doctrine of res judicata applies, and Plaintiff's

---

2. In Johnson v. Koehler, et al., 2015 U.S. Dist. LEXIS 42145, Defendants Judge Brown, Judge Augello, and the Luzerne County District Attorney's Office were dismissed with prejudice due to being immune from suit under section 1983. Id. at *16, 18-21. Defendants Ross, Kelly, and Singer were dismissed with prejudice because it was determined that they were not state actors for purposes of section 1983. Johnson v. Koehler, et al., 2015 U.S. Dist. LEXIS 42145, at *16-18.

claims against Defendants Judge Brown, Judge Augello, Ross, Kelly, Singer, and the Luzerne County District Attorney's Office will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). See Guider, 2009 U.S. Dist. LEXIS 108189, at *1-2 (dismissing action, in part, as frivolous under the doctrine of res judicata).

### B. Each Defendant is Either Immune or Not a Person for Purposes of Section 1983

Notwithstanding res judicata, all named Defendants are either immune from suit, or not a state actor under 42 U.S.C. § 1983.

To state a viable section 1983 claim, a plaintiff must plead the following elements: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Natale v. Camden Cnty. Corr. Facility, 318 F.3d 575, 580-81 (3d Cir. 2003).

Initially, the Court finds that Plaintiff's claims against Defendant Matthew Kelly, Plaintiff's court-appointed attorney during his direct appeal at 2119-2013, fail because Defendant Kelly is not a state actor for purposes of section 1983. See Coudriet v. Vardaro, 545 F. App'x 99, 102-03 (3d Cir. 2013) (citing Polk Cnty. v. Dodson, 454 U.S. 312, 318 (1981) (a court-appointed defense attorney is not a state actor for purposes of a section 1983 action simply "by virtue of being an

officer of the court . . .")); see also Walker v. Pennsylvania, 580 F. App'x 75, 78 (3d Cir. 2014) ("As we have held: 'public defenders and court-appointed counsel acting within the scope of their professional duties are absolutely immune from civil liability under § 1983'") (quoting Black v. Bayer, 672 F.2d 309, 320 (3d Cir. 1982), abrogated on other grounds by D.R. v. Middle Bucks Area Vocational Technical Sch., 972 F.2d 1364, 1368 n.7 (3d Cir. 1992)).

Likewise, Plaintiff's claims against Defendants Ross and Singer fail because they are not state actors for purposes for purposes of section 1983. Clark v. Vernon, 228 F. App'x 128, 131 (3d Cir. 2007) ("Public defenders performing the traditional functions of representing an indigent criminal defendant do not act under color of state law and cannot be liable under § 1983.") (citing Polk Cnty., 454 U.S. at 325); see also Walker, 580 F. App'x at 78 ("As we have held: 'public defenders and court-appointed counsel acting within the scope of their professional duties are absolutely immune from civil liability under § 1983'") (quoting Black, 672 F.2d at 320, abrogated on other grounds by D.R., 972 F.2d at 1368 n.7).

With respect to Defendants Judge Charles Brown and Judge Joseph Augello, "both [are] accorded Eleventh Amendment immunity and judicial immunity in their official capacities, and are not 'persons' under § 1983 in that

capacity." Arndt, 2014 WL 5425423, at *2. "First, when a state official is sued in his official capacity, the real party interest is the government office of which he is an agent." Id. (citing Hafer v. Melo, 502 U.S. 21, 26 (1991)).  Thus, the above-captioned action, being filed against Defendants Judge Brown and Judge Augello, is actually an action against the Court of Common Pleas of Luzerne County, which is barred by the Eleventh Amendment. Id. (citing Conklin v. Anthou, 495 F. App'x 257, 263 (3d Cir. 2012)). "Furthermore, the United States Supreme Court has long recognized that those officials performing judicial, quasi-judicial and prosecutorial functions in our adversarial system must be entitled to some measure of protection from personal liability for acts taken in their official capacities." Id. "Judges are immune from liability in Section 1983 actions for their judicial acts." Id. "A judge is liable only for non-judicial acts or acts as to which he was completely without jurisdiction." Id. (citing Mireles v. Waco, 502 U.S. 9, 11-12 (1991)).  Here, Plaintiff has failed to make any allegations that Defendants Judge Brown and Judge Augello acted outside of their jurisdiction or were involved in the alleged deprivation in any way other than in their official judicial capacity.  As such, Defendants Judges Brown and Augello enjoy judicial immunity and

dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).[3]

Although not a named Defendant in this matter, to the extent Plaintiff is bringing claims under section 1983, and those claims are not barred by the doctrine of res judicata, against the Luzerne County District Attorney's Office these claims will be dismissed because "[s]tate prosecutors are afforded absolute immunity from civil suit under § 1983 for the initiation and pursuit of criminal prosecutions." Moore v. Middlesex Cnty. Prosecutors Office, 503 F. App'x 108, 109 (3d Cir. 2012) (citing Imbler v. Pachtman, 424 U.S. 409, 431, (1976)). "[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." Yarris v. Cnty. of Delaware, 465 F.3d 129, 135 (3d Cir. 2006) (quoting Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993)). Further, "[i]t is well settled that prosecutors are entitled to absolute immunity from claims based on their failure to disclose

---

3. Plaintiff also names the Pennsylvania Superior Court as a Defendant in the above-captioned action. (Doc. 1). The Third Circuit Court of Appeals has held that Pennsylvania's Court entities are Commonwealth entities entitled to Eleventh Amendment immunity. Benn v. First Judicial Dist., 426 F.3d 233 (3d Cir. 2005). Additionally, the Pennsylvania Superior Court is not a "person" who can be sued under Section 1983. See Nguyen Vu v. City of Philadelphia, 2012 U.S. Dist. LEXIS 50697, at *18-19 (E.D. Pa. 2012). Therefore, Plaintiff's claims against the Pennsylvania Superior Court will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

exculpatory evidence, so long as they did so while functioning in their prosecutorial capacity." Yarris, 465 F.3d at 137. Plaintiff's allegations concern the Luzerne County District Attorney's Office's alleged delayed disclosure of exculpatory evidence in his state criminal prosecutions at 117-2011 and 2553-2012, selective prosecution, and selective enforcement. (Doc. 1, pp. 20-22, 38-39, 50). These alleged wrongful acts involve the decision to prosecute and the handling of the prosecution after the decision to prosecute was made. Consequently, under these circumstances, the Luzerne County District Attorney's Office is entitled to immunity. See Richards v. Pennsylvania, 196 F. App'x 82, 85 (3d Cir. 2006) (citing Imbler v. Pachtman, 424 U.S. 409, 431 (1976)). Therefore, to the extent Plaintiff is attempting to raise section 1983 claims against the Luzerne County District Attorney's Office, it is entitled to immunity and dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

## IV. CONCLUSION

Plaintiff is precluded under the doctrine of res judicata from bringing the instant action against Defendants Judge Brown, Judge Augello, Ross, Singer, Kelly, and the Luzerne County District Attorney's Office. Additionally, any claim not barred by res judicata is dismissed because it is either a claim against a Defendant who either is not state actor under section 1983, or is immune from suit.

Consequently, the above-captioned action will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i),(iii).

    A separate Order will be issued.


Date: July 16, 2015                                          /s/ William J. Nealon
                                                                                         **United States District Judge**